ANAHITA HASHEMINEJAD, ESQ. SB# 239688
LAW OFFICE OF ANAHITA HASHEMINEJAD, PLC
4630 Campus Drive, Suite 208
Newport Beach, CA 92660
Telephone: (949) 260-8420
Fax: (888) 421-2230

Attorney for Material Witnesses JUAN JOSE GOMEZ-GONZALEZ and YESIKA JIMENEZ-LOPEZ

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARIO HERNANDO VALBUENA,<br><br>Defendants. | Case No.:<br>Magistrate Case: 21MJ02866-BLM<br><br>**REPLY TO DEFENDANT'S OPPOSITION TO THE MOTION FOR VIDEO RECORDED DEPOSITION OF MATERIAL WITNESSES AND FOR RELEASE THEREAFTER**<br><br>Date: August 10, 2021<br>Time: 9:30 a.m.<br>Judge: Barbara Lynn Major |

## I. THE DEFENDANT'S OPPOSITION BASED ON POTENTIAL SCENARIOS SHOULD BE DISREGARDED.

The Defendant's Response In Opposition To The Motion For Video Recorded Deposition Of Material Witnesses ("Opposition") seeks to keep the material witnesses in jail based on conjecture and in direct contradiction of existing law. 18 USC section 3144 requires that if a material witness cannot secure their own release on bond, they be permitted to have their deposition taken so they may secure their release. The Opposition does not provide a viable argument for the proposition that the deposition of the material witnesses who are in custody cannot be

adequately secured. The Opposition fails to provide any explanation as to how there would be a failure of justice if depositions were ordered.

**A.     CONCERNS ABOUT MOVEMENTS BETWEEN JAILS.**

The Opposition alleges that depositions should not be ordered because the defendant may possibly not be able to be present at the depositions due to covid-10 related movement restrictions. The Defendant is fighting his case and this case appears to be heading to trial.  If the court were to deny the motion based on sheer speculation as that raised by the defense's Opposition, material witnesses would unjustly remain in custody indefinitely, serving jail sentences longer than they most likely would have received had they been criminally charged for illegal entry (which they are not).  If the court orders that the defendant be brought out of jail for depositions of the material witnesses, the Marshalls will have to transport the defendant for deposition per the court's order.

**B.     ALLEGATIONS ABOUT FACE MASKS BEING WORN DURING DEPOSITIONS**

The Opposition assumes face masks will be worn by the material witnesses at deposition. Material witness counsel called San Luis Detention Center where the material witnesses are being held and conferred with nurse Cassandra Drake concerning procedures which would take place if the material witnesses were to be transported for deposition; Nurse Cassandra Drake confirmed that the material witnesses would be provided a covid-19 test to confirm they are not infected with the virus prior to being transported from the jail. If the material witnesses are covid-19 negative, they would not need to wear a mask during their deposition, however other counsel and parties in the room can certainly wear face masks.  The defendant

and trier of fact would certainly be able to see the expressions of the testifying witness on the video of the deposition *if the video were to be used at trial.*

### C. ASSUMPTION THAT BOND CONDITIONS ARE THE REASON FOR THE LACK OF ABILITY TO POST BOND.

The Opposition incorrectly assumes that the material witnesses are unable to secure their own release on bond due to bond conditions and due to immigration detainers. The motion for material witness deposition and the declaration of material witness counsel did not allege that the material witnesses could not post bond because of immigration detainers or bond conditions, but because the material witnesses do not have the funds to post bond for themselves, and their families have been unable to find a surety for them. Material witness counsel has been in contact with the material witnesses' family members and has continued to attempt to find a surety who can post bond, even a reduced bond amount (for which a motion to modify conditions would be filed). Material witness counsel, with the assistance of an interpreter, is also in communication with a family member who is in Chicago and may be able to post bond and provide housing for the material witnesses in Chicago but has not confirmed yet that the family member in Chicago will agree to act as surety; again, a motion to modify bond conditions would be filed if the family member in Chicago agrees to post bond.

The material witnesses would need to find a residence to reside in during the pendency of the case if they were to post bond, and the person(s) who they would reside with would need to be legal residents who are willing to house the two material witnesses (or be undocumented yet willing to risk deportation themselves); as of today, material witness counsel has not located any potential surety in California or the bordering state of Arizona. These material witnesses do not themselves have the money to post bond, or an apartment or house of their own to

reside in the United States if they were to be released on bond without the assistance of a surety.

## II. THE CONFRONTATION CLAUSE ARGUMENTS ARE PREMATURELY MADE AND SHOULD BE DISREGARDED.

The defendant's confrontation clause arguments are premature. This motion seeks an order to permit the deposition of the material witnesses to be taken in a setting where the defendant and his counsel will be present and given full opportunity to confront and examine the testifying witness, and the witnesses' facial expressions would be recorded by video. This motion does not seek the admission of the material witnesses' deposition testimony; that is a motion to be made by the parties at trial.

In *United States v. Sines,* 761 F.2d 1434 (9th Cir. 1985), the defendant's accuser and alleged unindicted co-conspirator was deposed in prison in Thailand and the defendant's attorney attended and participated in the deposition even though the defendant himself opted not to attend for fear of prosecution in Thailand; the District Court granted the government's motion to admit the co-conspirator's deposition into evidence, and the defendant appealed. As the court in *Sines* acknowledged, **the prerequisites for obtaining an order to take a witness deposition differs from the prerequisite for *admitting* a deposition into evidence**. (*Sines*, 761 F.2d at 1439). The *Sines* court ruled that taking the deposition was authorized under Rule 15, and the deposition testimony properly admitted into evidence as the witness was unavailable and in Thai prison.

The Opposition cites to *United States v. Zuno-Arce* (Ninth Cir. 1995), 44 F.3d 1420 for the proposition that exceptional circumstances are required for the taking of a material witness deposition, however the *Zuno-Arce* case concerned the motion to take witness depositions filed by the defendant and such motions are governed

by Fed.Rules Cr. Proc. Rule 15(a)(1), which is inapplicable here. The Material witnesses' motion for deposition is permissible pursuant to Rule 15(a)(2).

*Coy v. Iowa* (1998) 487 U.S. 1012, which is relied upon by the opposition (Opposition at 6:24-27), is inapposite to this case. In *Coy*, the defendant was convicted of lascivious acts with a child after a large screen was placed between the testifying witnesses and the defendant to block the witnesses' view of the witnesses during the trial; the defendant was able to view the witnesses on the stand, but the witnesses were unable to see the defendant while they testified. A deposition for the material witnesses, whether in person or by remote video means, would permit the defendant to see the witness while testifying, and would permit the witness to see the defendant simultaneously. Neither facts nor circumstances of the *Coy* case apply to this instant case. Notably, material witnesses can and do promise to come back and testify at trial despite having their deposition taken. Most material witnesses in this district have come back to testify at trial, and the depositions are simply taken to *preserve* the witnesses' testimonies.

### III. DISCOVERY CONCERNS RAISED IN THE OPPOSITION ARE INSUFFICIENT TO DENY THE MOTION.

The Opposition alleges a list of outstanding discovery which is sought be defendant. The government has an obligation to produce discovery and should have more than sufficient time to produce any outstanding discovery prior to depositions. Material witness counsel is requesting a deposition date of September 6, 2021, which is longer than material witness counsel would normally request. The proposed deposition date is nearly 5 weeks from the date this reply is drafted, and that would give more than ample time for the government to produce outstanding discovery such as dispatch audio, photographs, A-Files, etc. Material witness counsel has already emailed Assistant United States Attorney Ronald Sou requesting the production of outstanding discovery items and Mr. Sou has confirmed his office will work on production.

With regards to one of the items listed in the Opposition as an outstanding discovery item that the defense wants the government to produce, the transcripts of post-arrest statements, *there is no legal support provided in the Opposition* for the position that there is any duty to provide transcripts. The video recorded post-arrest statements of the material witnesses were produced to the parties by the government, and material witness counsel has provided translated summaries of the material witnesses' post-arrest statements to Defendant's counsel as a courtesy. If the Defendant's counsel needs the post-arrest interviews translated and transcribed before depositions, he has nearly 5 weeks from today, and will have had 6 weeks from the proposed deposition date to get those post-arrest statements transcribed by his office. Lastly, the Defendant's counsel interviewed the material witnesses already and knows what testimony the witnesses would provide.

## IV.    CONCLUSION

Based upon the foregoing, it is requested that this Honorable Court grant the Motion and order the video recorded depositions of Material Witnesses to occur On or before September 6, 2021, and for them to be released immediately thereafter. Material witness counsel also requests that in the event defendant or material witnesses are in quarantine at the date of the scheduled deposition due to covid-19 and cannot be transferred for depositions, the court order that exceptional circumstances exist due to the pandemic and the depositions take place via remote video means, which would permit the defendant to see and hear the material witnesses and the material witnesses to simultaneously to see and hear the defendant.

Dated: August 5, 2021     by:     S/ ANAHITA HASHEMINEJAD
                                  Attorney for Material Witnesses